UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DAVID L. DICE, JR,

    Plaintiff,

v.   Case No. 3:20cv5777-LC-HTC

SECRETARY FDOC MARK S. INCH,
LT J. NEEL,
OFC E. R. MANNERS,
OFC T. MILLER,
OFC A. ALLIGOOD,
NURSE JANE DOE,
NURSE JANE DOE,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, David L. Dice, Jr., proceeding *pro se*, filed a complaint attempting to assert claims under 42 U.S.C. § 1983 (ECF Doc. 1), a motion for temporary restraining order (ECF Doc. 4), and a motion for leave to proceed *in forma pauperis* (ECF Doc. 2). The matter was referred to the undersigned Magistrate Judge for preliminary screening pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). After reviewing Plaintiff's complaint and litigation history, the undersigned recommends that Plaintiff's motion for leave to proceed *in forma pauperis* be

DENIED and that this case be DISMISSED WITHOUT PREJUDICE because Plaintiff (1) is a three-striker under 28 U.S.C. § 1915(g) and, thus, is barred from proceeding *in forma pauperis*; (2) failed to pay the requisite filing fee upon initiating this suit; and (3) failed to disclose his complete prior litigation history.

## I.  PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED UNDER 28 U.S.C. § 1915(g)

### A.  Plaintiff Is A Three-Striker

Under the Prison Litigation Reform Act ("PLRA"), a prisoner seeking to proceed *in forma pauperis* cannot do so if he has filed at least three (3) cases which have been dismissed for failure to state a claim, or as frivolous or malicious. Specifically, 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner [proceed *in forma pauperis* in a civil action] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *See Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that, after three (3) meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner demonstrates that he is "under imminent danger of serious physical

injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

This Court takes judicial notice that Plaintiff has filed at least five (5) cases which have been dismissed based on a ground set forth in 28 U.S.C. § 1915(g):

*Dice v. State*, 3:16-cv-01203-BJD-JRK (dismissed complaint without prejudice because not on right forms, claims were not concise, simple and direct, involved multiple unrelated claims and sought habeas relief in same action as monetary damages);

*Dice v. Jones*, 3:16-cv-01298-MMH-JBT (dismissed, "pursuant to 28 U.S.C. § 1915(e)(2)(B), without prejudice to Dice's right to refile his claim under 42 U.S.C. § l983 with sufficient factual allegations to support a claim under § 1983 against the proper Defendants, if he elects to do so");

*Dice v. Jones*, 3:16-cv-01312-MMH-JBT ("For the foregoing reasons, this case will be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B), without prejudice to Dice's right to refile his claim under 42 U.S.C. § l983 with sufficient factual allegations to support a claim under § 1983 against the proper Defendants, if he elects to do so");

*Dice v. Jones*, 3:18-cv-00280-HLA-JRK (dismissed without prejudice as not stating a claim); and

*Dice v. Fuller*, 3:18-cv-00347-BJD-JBT (dismissed without prejudice to refiling on proper forms, finding that plaintiff failed to disclose full litigation history and that complaint failed to state a claim).

**B.    Plaintiff Does Not Meet The Exception For An Imminent Danger Of A Serious Physical Injury**

As stated above, a plaintiff who has accrued three (3) strikes under 28 U.S.C. § 1915(g) cannot proceed *in forma pauperis,* unless he shows that he is in "imminent danger of serious physical injury." *Id.*  Plaintiff, however, has not made such a

showing. Instead, Plaintiff's complaint and motion for temporary restraining order relate solely to alleged past wrongdoing, most of which are based on being placed on property restriction or threats of harm, rather than on any actual physical harm. Although Plaintiff's motion for temporary restraining order was filed separately from, and after, the complaint, it refers to the same events set out in the complaint.

For example, Plaintiff alleges that when he arrived at Santa Rosa Correctional Institution, he was denied recreation privileges on February 3, 2020. He complains that after Plaintiff declined to answer Officer Manners's request to "tell him about himself" Officers Miller and Manners began threatening to withhold out-of-cell activities to Plaintiff and interfere with any upcoming review of Plaintiff's close-management status. Plaintiff then filed a grievance, and Manners and Miller instructed inmates to the pressure Plaintiff to "get with the program" and stop filing grievances. Plaintiff claims that he filed grievances for two months about "these officers'" threats and harassment. Eventually, Manners fabricated two disciplinary reports of which Plaintiff was found guilty.

Because Plaintiff was found guilty of the infractions, he was rehoused to another cell, but Officer Manners approached him at that cell and told him that Manners was "taking notice of the grievances in [Plaintiff's] flap awaiting to be picked up" and wrote down Plaintiff's cell number. Shortly thereafter, Manners was "seen talking" with Neel and Miller just before Neel fabricated a violation involving

were Plaintiff had put a shirt and a mattress and improperly put Plaintiff on property restriction.

Miller and Alligood then appeared at Plaintiff's cell to enforce the property restriction and directing Plaintiff to be cuffed up. Plaintiff alleges that despite his compliance in being cuffed up, Miller and Neel used excessive force against him, injuring his fingers, face and shoulder. Plaintiff alleges that the thumb was seen by nurses who failed to document the injuries or provide proper treatment even though the plaintiff submitted sick calls. This is the only instance of actual physical harm that Plaintiff complains about. Plaintiff also contends that he sought medical treatment after this incident, but was denied treatment from the nurses.

Although Plaintiff also contends that there were "several more incidents on July 28, 2020, August 3, 2020, August 23, 2020," he provides no additional information or details about those incidents.

Past events, however, are insufficient to demonstrate imminent danger of serious physical injury. *See Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) ("a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute"); *see also Brown v. Johnson*, 387 F.3d, 1344, 1349 (11th Cir. 2004) (finding that the imminent danger exception to § 1915(g) requires "a present imminent danger, as opposed to a past danger"). To fall within

the imminent danger exception, Plaintiff's complaint must include "specific, credible allegations of imminent danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011). Allegations that "describe[ ] merely a hypothetical or speculative danger and fail[ ] to suggest that any specific threat has been made against plaintiff" are also insufficient. *Cole v. Tifft*, 2009 WL 3668094, at *2 (N.D. Fla. Oct. 23, 2009) (citing *Luedtke v. Bertrand*, 32 F.Supp.2d 1074, 1077 (E.D. Wis. 1999) (plaintiff's "vague allegation of a conspiracy among the defendants to beat, assault, injure, harass and retaliate against him are insufficient and lack the specificity necessary to show an imminent threat of serious physical injury") and *Welch v. Selsky*, 2008 WL 238553, at *5 (N.D.N.Y. Jan. 28, 2008) ("[t]he imminent danger an inmate faces ... must be real, and not merely speculative or hypothetical")).

Here, Dice's allegations of a future risk of attacks by guards, based on harassment and threats, are too speculative and generalized to constitute imminent danger of physical harm. *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (finding that general allegations that are not grounded in specific facts indicating that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)); *Coleman v. Department of Corrections,* 2008 WL 2474635, at *3 (N.D. Fla. June 13, 2008) (unpublished) (finding the allegation of fear for safety because he had been assaulted more than once to be a generalized allegation not founded on specific facts that indicated a physical injury is imminent).

Plaintiff is thus a three-striker who is not entitled to proceed *in forma pauperis* under the imminent danger exception to § 1915(g). Therefore, his case is subject to dismissal on this ground alone. *See Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit").

## II. FAILURE TO DISCLOSE

This case is also subject to dismissal on an additional ground, Plaintiff's failure to disclose his prior litigation history as required by this Court's § 1983 complaint form for prisoner litigants. Section VIII of the complaint form, titled "**PRIOR LITIGATION**," asks, in part A: "To the best of your knowledge, have you had any case dismissed for a reason listed in § 1915(g) which counts as a strike?" Plaintiff gave a description of a single case, despite the fact that he had had five cases so dismissed, as noted above. He did not disclose the parties, courts, case numbers, or give any other identifying information related to any of his previous actions, as required by the form.

Section VIII continues with part C, which asks, "Have you filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the conditions of your confinement?" ECF Doc. 1 at 12. Petitioner checked "Yes"

Case No. 3:20cv5777-LC-HTC

in response to question C but provided only partial information on only three cases. He did not disclose the parties, case numbers, or give any other identifying information related to any of his previous actions, as required by the form, and implied that he had only three prior actions.

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete their complaint forms, especially when a lack of candor in informing the Court of prior lawsuits may affect the Court's jurisdiction. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable. As referenced above, upon such an investigation in this case, the undersigned discovered that, at the time Plaintiff signed his complaint, he had filed, under his name, at least the following cases – in addition to the five cases counted as strikes above -- which he failed to disclose to the Court:

> *Dice v. Jones*, 3:16-cv-00253-TJC-JBT (dismissed motion for temporary restraining order because without prejudice because not accompanied by 42 U.S.C. § 1983 complaint);
>
> *Dice v. State*, 3:16-cv-00432-HES-MCR (dismissed motion challenging conviction without prejudice because not on Court's 2254 form);
>
> *Dice v. Secretary*, 3:17-cv-01085-MMH-JRK (dismissed habeas petition with prejudice as untimely);
>
> *Dice v. United States*, 3:16-mc-00019-BJD-JRK (striking document entitled "Notice and Demand" and dismissing case without prejudice because it was "not apparently connected to any pending proceeding");

*Dice v. Jones*, 3:18-cv-00279-HLA-MCR (dismissed voluntarily by Dice);

*Dice v. Jones*, 3:18-cv-00301-MMH-JRK (voluntarily dismissed without prejudice);

*Dice v. Curry*, 3:18-cv-00429-TJC-MCR (voluntarily dismissed without prejudice).

Plaintiff did not disclose these federal actions despite the complaint form's clear instructions.

The Court has the authority to control and manage matters pending before it, and Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court. One such standard is full candor in disclosing one's litigation history in response to questions about it on the Court's official form for filing a civil complaint.

If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false or incomplete responses or statements in any pleading or motion filed before it. An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the Court with complete factual statements or responses is to dismiss this case without prejudice. *See Bratton v. Secretary, DOC*, 2012 WL 2913171 (M.D. Fla. Jul. 16, 2012) (dismissing case without prejudice where prisoner failed to disclose one (1) prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)).

Case No. 3:20cv5777-LC-HTC

Plaintiff knew from reading the complaint form that disclosure of *all* prior civil cases was required. Indeed, the complaint form expressly warns prisoners: "**FAILURE TO DISCLOSE ALL PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.**" ECF Doc 1 at 13 (emphasis in original). If Plaintiff suffered no penalty for his incomplete responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. The Court, therefore, should not allow Plaintiff's false responses to go unpunished. Dismissal of his case without prejudice is an appropriate sanction for his lack of candor. *See Johnson v. Crawson*, 2010 WL 1380247 (N.D. Fla. Mar. 3, 2010) (dismissing case without prejudice where prisoner failed to disclose one (1) prior federal case).

### III.    CONCLUSION

Because Plaintiff (1) is a three-striker, (2) failed to pay the requisite filing fee at the time he filed this § 1983 action, and (3) failed to disclose his prior litigation history, this case should be dismissed.

Accordingly, it is respectfully RECOMMENDED that:

1.    Plaintiff's motion for leave to proceed *in forma pauperis* (ECF Doc. 2) be DENIED.

2.  This case be DISMISSED WITHOUT PREJUDICE and the pending motion for temporary restraining order (ECF Doc. 4) terminated for Plaintiff's abuse of the judicial process and because he is a three-striker under 28 U.S.C. § 1915(g).

3.  The clerk be directed to close this file.

At Pensacola, Florida, this 3rd day of September, 2020.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON
UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 3:20cv5777-LC-HTC